UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STANLEY KIELMAR, et al.,

           Plaintiffs,

  v.                                 Case No. 20-CV-798

ERIE INSURANCE COMPANY,

           Defendant.

---

## DECISION AND ORDER

---

**1. Background**

Plaintiffs Stanley and Myriam Behm Kielmar's home was allegedly damaged by wind and hail on June 1, 2019. (ECF No. 31, ¶¶ 1-2.) As a result, they submitted a claim to their insurer, defendant Erie Insurance Company. (ECF No. 31, ¶¶ 3-4.) An adjuster inspected the Kielmars' home and determined that the damage did not exceed the $5,000 deductible on the policy. (ECF No. 31, ¶¶ 5-8.) The Kielmars allege that the damage totals more than $200,000. (ECF No. 33, ¶ 64.) They brought this action alleging claims for (1) breach of contract; (2) bad faith; (3) statutory interest; and (4) punitive damages. (ECF No. 1.)

Erie has moved for partial summary judgment on what it acknowledges is a novel theory. It argues that the Kielmars' bad faith claim fails because the post-litigation review undertaken by Erie's expert, Matt Dupuis, shows that Erie's handling of the claim was objectively reasonable. (ECF No. 27 at 4-7.)

The court has jurisdiction under 28 U.S.C. § 1332. (ECF No. 1, ¶¶ 1-2, 8.) All parties have consented to this court pursuant to 28 U.S.C. § 636(c). (ECF Nos. 2, 10.) The parties agree that Wisconsin law applies. (ECF No. 27 at 1, fn. 1.)

2. **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it "might affect the outcome of the suit" and a dispute is "genuine" only if a reasonable factfinder could return a verdict for the non-movant. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). In resolving a motion for summary judgment, the court is to "construe all evidence and draw all reasonable inferences from the evidence in" favor of the non-movant. *E.Y. v. United States*, 758 F.3d 861, 863 (7th Cir. 2014) (citing *Gil v. Reed*, 535 F.3d 551, 556 (7th Cir. 2008); *Del Raso v. United States*, 244 F.3d 567, 570 (7th Cir. 2001)). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and [in] opposition to the motion for summary judgment." *White v. City of Chi.*, 829 F.3d 837, 841 (7th Cir. 2016).

3. Analysis

"An insurance company owes a duty to its insured to settle or compromise a claim made against the insured and to act in good faith in doing so." *Roehl Transp., Inc. v. Liberty Mut. Ins. Co.*, 2010 WI 49, ¶41, 325 Wis. 2d 56, 77, 784 N.W.2d 542, 552. Although arising because of the parties' contractual relationship, "a bad faith claim sounds in tort" and "is a separate intentional wrong, which results from a breach of a duty imposed as a consequence of the contractual relationship." *Id.*; *see also Brethorst v. Allstate Prop. & Cas. Ins. Co.*, 2011 WI 41, ¶25, 334 Wis. 2d 23, 36, 798 N.W.2d 467, 474 (discussing *Anderson v. Cont'l Ins. Co.*, 85 Wis. 2d 675, 687, 271 N.W.2d 368, 374 (1978)).

To prove bad faith, a plaintiff must establish (1) that there was no reasonable basis for the insurance company's denial of the plaintiff's claim, and (2) that in denying the claim the insurance company knew or recklessly failed to learn that the claim should have been paid. Wis. JI-Civil 2761; *Brethorst*, 2011 WI 41, ¶36. A bad faith claim will not lie if the claim was "fairly debatable." *Brethorst*, 2011 WI 41, ¶29 (citing *Mowry v. Badger State Mut. Cas. Co.*, 129 Wis. 2d 496, 516, 385 N.W.2d 171, 180 (1986)). "[W]hen a claim is 'fairly debatable,' the insurer is entitled to debate it, whether the debate concerns a matter of fact or law." *Id.*, ¶26 (discussing *Anderson*, 85 Wis. 2d at 691, 271 N.W.2d at 376).

Whether a reasonable basis existed for the insurance company to deny a claim is assessed objectively. *Anderson*, 85 Wis. 2d at 692, 271 N.W.2d at 377. Because reasonableness is an objective question and the insurer's subjective knowledge is irrelevant, Erie argues that the fact it retained Dupuis only after the litigation was commenced should not preclude it from relying on his report to negate the Kielmars' bad faith claim. It points to other cases where courts granted summary judgment on bad faith claims because experts retained to investigate the claim prior to litigation supported the insurer's denial. (ECF No. 27 at 4-7 (citing *Benke v. Mukwonago-Vernon Mut. Ins. Co.*, 110 Wis. 2d 356, 329 N.W.2d 243 (Ct. App. 1982); *Baires v. State Farm Mut. Auto. Ins. Co.*, 231 F. Supp. 3d 299 (E.D. Wis. 2017); *Tripalin v. Am. Family Mut. Ins. Co.*, 2016 WI App 41, 369 Wis. 2d 223, 880 N.W.2d 183, 2016 Wisc. App. LEXIS 210 (unpublished); *Gosha v. Erie Ins. Co.*, No. 19-C-1373, 2020 U.S. Dist. LEXIS 242589 (E.D. Wis. Dec. 28, 2020)).) In other words, because the standard is objective, Erie argues it should not matter whether the expert report came before or after it denied the claim.

While objective, reasonableness still must be assessed at the time the insurer denied the claim. Relevant is what the insurer knew or should have known at that time it denied the claim. This is not to say that the opinion of an expert hired after the lawsuit was filed is irrelevant to a bad faith claim. But summary judgment in favor of the insurer is appropriate only if, based on what the insurer knew at the time it denied the claim, the claim was fairly debatable.

One rationale for the tort of bad faith is to encourage insurers to make a thorough and complete investigation *before* denying a claim. *Cf. Benke*, 110 Wis. 2d at 364, 329 N.W.2d at 247 ("A reasonable insurer will conduct a neutral, detached investigation and will then determine whether the investigation proves a claim to be 'fairly debatable' such that payment of benefits might not be its responsibility."). For some claims, a thorough and complete investigation may require obtaining an opinion from an expert. If an expert retained *after* a claim is denied is treated the same as an expert retained *before* the claim is denied, the insurer has less of an incentive to conduct a thorough and complete investigation before denying the claim. Only a small portion of insureds will sue over the denial of a claim, and if a suit is filed the insurer can just do the investigation it should have done at the outset.

Consider an insurer that denies a claim without conducting any sort of investigation or evaluation. In such a case, a bad faith claim would follow simply by the insured proving coverage. An insurer must not be permitted to avoid liability for bad faith by doing in discovery the sort of investigation it should have done before denying the claim. The issue is whether the claim was fairly debatable when the insurer denied it, not whether it *became* fairly debatable because of subsequent post-litigation investigation.

Moreover, one reason why expert evaluations obtained before denying a claim can go such a long way in defeating a bad faith claim is not simply the expert's

5

conclusions but the fact that obtaining a nominally independent opinion itself tends to suggest good faith. *Cf. Gosha*, 2020 U.S. Dist. LEXIS 242589, at *13. The same cannot be said about an expert opinion obtained only after an insurer has been sued for bad faith.

Because Erie's motion for summary judgment is based entirely on facts not known to it at the time it denied the Kielmars' claim—*i.e.*, Dupuis's opinion—the court must deny the motion. Erie relies on the same theory to seek summary judgment on the Kielmars' statutory interest claim. (ECF No. 27 at 7-8.) For the same reason, the court must also deny this aspect of Erie's motion.

Finally, in response to Erie's motion the Kielmars ask the court to exercise its discretion and grant summary judgment in their favor on their breach of contract claim pursuant to Fed. R. Civ. P. 56(f). (ECF No. 30 at 16-17.) The court declines to do so. Moreover, the court finds disputes of material fact exist as to the nature and severity of the damage to the Kielmars' property.

4. **Conclusion**

For the reasons set forth above,

**IT IS THEREFORE ORDERED** that Erie Insurance Company's motion for partial summary judgment (ECF No. 26) is denied.

Dated at Milwaukee, Wisconsin this 24th day of November, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge